JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOANNA LAISCELL | CITY OF HARTFORD BOARD OF EDUCATION |

**(b)** County of Residence of First Listed Plaintiff  **HARTFORD**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **HARTFORD**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Cynthia R. Jennings, Esq., 340 Broad St., Stue 300, Windsor, CT, 06095 (860) 883.6947

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. secs. 1331 and 1343 as well as 42 U.S.C. section 2000(e)-2 et seq
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
09/24/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut   ☑

| | | |
|---|---|---|
| JOANNA LAISCELL | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | |
| CITY OF HARTFORD BOARD OF EDUCATION | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CITY OF HARTFORD BOARD OF EDUCATION
960 Main Street
Hartford, CT 06103

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Cynthia R. Jennings, Esq.
340 Broad Street Ste 300
Windsor, Connecticut 06095

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
--------------------------------------------------------------x

JOANNA LAISCELL,

                    Plaintiff,                                 **COMPLAINT**

vs.

CITY OF HARTFORD BOARD OF EDUCATION,

                    Defendant.

--------------------------------------------------------------x

       By and through her counsel, Cynthia Jennings, plaintiff Joanna Laiscell hereby alleges the following against the defendant named herein:

## I.    PARTIES

1.      Plaintiff JOANNA LAISCELL is a United States citizen who resides and works in the State of Connecticut.

2.      Defendant CITY OF HARTFORD BOARD OF EDUCATION is a duly created municipal corporation responsible for the operation of the Hartford public school system.  It may sue and be sued.

## II.    JURISDICTION

3.      As plaintiff alleges that defendant violated Title VII of the Civil Rights Act of 1964 when it discriminated against her on the basis of her race, color, and sex and/or retaliated against her for her opposition to racial and gender discrimination, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331 and 1343 as well as 42 U.S.C. section 2000(e)-2 et seq.

4.      Plaintiff filed a timely charge of discrimination employment with the EEOC and initiates this action within 90 days of her receipt of the right to sue letter.  See Exhibits 1 & 2.

## III.   BACKGROUND

5.      Plaintiff is an African American female of legal age.

6.      Plaintiff served as defendant's Executive Director of Financial Management from 2003 until her termination on July 12, 2018.

7.      In January 2018, plaintiff was assigned the duties of the Chief Financial Officer ("CFO") on an interim basis.

8.      Though she was not officially designated "Interim CFO," defendant requested that she fulfill that role and it awarded her an additional pay differential of 10% to do so.

9.      On January 12, 2018, defendant published a job posting for the CFO position.

10.     Plaintiff applied and was interviewed for the CFO position on March 6, 2018.

11.     Among the other candidates were David Fleig and Darrell Hill, both Caucasian males.

12.     Each candidate was asked the same 7 questions, and, for each question, the candidate was awarded up to 4 points for a total possible score of 28.

13.     Fleig had the highest point total and average score from the interview.

14.     The interview panel recommended Fleig to defendant's Superintendent, who carried the recommendation to defendant's Board.

15.     On April 3, 2018, the Board voted to appoint Fleig to the CFO position.

16.     As the reasons proffered for the selection of a white male for the position for which she had applied were pretextual, on April 30, 2018, plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging that defendant

2

discriminated against her on the basis of race, color, and sex in failing to promote her to the CFO position.

17. The Commission determined that there is reasonable cause to conclude that plaintiff's race, color, or sex was a motivating factor in defendant's selection decision.

18. In the 2017-2018 academic year, defendant hired Secova, Inc. to conduct an audit of its health insurance plan to verify that individuals listed as covered dependents were, in fact, eligible for coverage.

19. Defendant's Risk Management Department directly oversaw the audit, which covered all of defendant's employees.

20. In January 2018, all of defendant's employees received an email informing them that an audit of eligible dependents would occur in February 2018.

21. This email also alerted employees that an informational packet would be mailed to those on the health plan.

22. The informational packet identified any dependents ascribed to each employee, and it instructed the employee on how to verify any dependents or voluntarily remove them.

23. On February 22, 2018, John Griffin, defendant's Executive Director of Risk Management, sent an email to plaintiff regarding the audit.

24. In assuming the duties of the CFO, plaintiff had become Griffin's interim supervisor.

25. Plaintiff forwarded this email to defendant's Superintendent and Deputy Superintendent but removed one sentence which read: "Also, an estimated total of 320 dependents may be removed from the plan as a result of the audit."

26. Plaintiff informed Griffin of this action.

3

27.     On February 26, 2018, Griffin responded that by omitting the one sentence plaintiff had violated defendant's "standard of conduct" but did not specify what he intended by this comment.

28.     Griffin concluded his response: "We appreciate your support and look forward to helping you be successful in your new role."

29.     Griffin did not ask plaintiff to resend the original email.

30.     As instructed by the informational packet, on March 12, 2018, plaintiff unenrolled her ex-husband through the Secova process.

31.     At the time of her divorce in December 2014, plaintiff had attempted to remove her ex-husband from such coverage, but, unbeknownst to plaintiff, the requisite notification was interrupted as a result of the designated Human Resources staff member being intermittently out on leave and plaintiff's effort did not succeed.

32.     It was not until plaintiff received the packet that she discovered that her ex-husband was still ascribed to her as a dependent spouse.

33.     Between February 5, 2018 to May 1, 2018, Secova identified 176 ineligible dependents, including 67 spousal dependents.

34.     Despite plaintiff's voluntary disclosure to Secova of the need to remove her ex-husband, defendant included plaintiff among the 11 employee insureds to investigate.

35.     On March 16, 2018, Griffin approached Peter Dart, defendant's Assistant Superintendent for Talent Management, with certain concerns he had regarding plaintiff.

36.     Dart directed Griffin to submit a written statement outlining his concerns, which he did later that day.

4

37.     Griffin submitted a statement to Dart and Natasha Banks, Executive Director of Human Resources for defendant's Office of Talent Management, alleging that plaintiff engaged in possible fraud and other violations of defendant's standards of conduct.

38.     That same day, based on Griffin's allegations, defendant's Superintendent and Deputy Superintendent directed Dart to place plaintiff on administrative leave.

39.     Plaintiff received no explanation as to why she was being placed on leave.

40.     Following plaintiff's placement on administrative leave, defendant's then-counsel retained a forensic accounting firm to conduct a forensic investigation of plaintiff.

41.     Dart contacted plaintiff while she was on administrative leave to arrange a meeting to retrieve certain budget documents from her work computer and to discuss the nature of the allegations against her.

42.     On March 29, 2018, plaintiff's then-counsel received a letter stating that plaintiff was not permitted to have counsel present at the upcoming meeting but could have a work colleague in attendance.

43.     The meeting referred to in the March 29 letter took place on April 12, 2018.

44.     This meeting was not only attended by Dart and plaintiff's selected work colleague but also by representatives of the forensic accounting firm that had been engaged by defendant's counsel to assist in investigating plaintiff.

45.     Once plaintiff became aware that representatives of the forensic accounting firm were present, in the absence of her attorney, plaintiff declined to answer many of the questions posed to her.

46. On May 9, 2018, Dart issued notice to plaintiff of a pre-disciplinary meeting to be held later in the month, despite the fact that by that time, the forensic accounting investigation had not yet been completed.

47. Defendant was served with plaintiff's complaint (No. 1810425) to the Commission on May 11, 2018.

48. On May 31, 2019, the final report from the forensic accounting firm was submitted to defendant's counsel.

49. While Griffin charged plaintiff with intimidation, harassment, and hostile work environment, the forensic accounting firm never investigated these claims.

50. Instead, the investigation focused primarily on the dependent verification audit and plaintiff's inclusion of her ex-husband as an ineligible spousal dependent in the health care plan.

51. The firm found that defendant paid $6,691 in claims relating to treatment for plaintiff's ex-husband during the time when he was ineligible.

52. No evidence was presented to indicate that any of the insurance expenditures occurred in the period following plaintiff becoming aware of the audit or acting as Griffin's interim supervisor.

53. The pre-disciplinary meetings referenced in the May 9 letter ultimately occurred on June 1 and 14, 2018.

54. Defendant terminated Plaintiff's employment on July 12, 2018.

55. Defendant adduced three pretextual reasons for plaintiff's termination: (1) that plaintiff "fraudulently" maintained her ex-husband on defendant's insurance plan resulting in the $6,691 in claim payments; (2) that plaintiff "used [her] position to minimize the importance of

6

the dependent verification audit" by removing the sentence from Griffin's email; and (3) that plaintiff "failed to use sound business judgement" in maintaining certain files on her laptop.

56.    Defendant had no official definition of "fraud" by which it could so label plaintiff's conduct.

57.    Plaintiff attempted to remove her ex-husband at the time of her divorce in the same way that she had successfully removed two of her children.

58.    Once she was informed through the informational packet that her ex-husband was still ascribed to her, plaintiff promptly followed the requisite procedure to remove him.

59.    Of the ten other individuals investigated due to unexcused ineligible dependents, two were ultimately excused through subsequent investigation.

60.    Of the eight remaining individuals, seven were given written reprimands contingent on their repayment of restitution for improper expenditures ranging in amounts from $29.17 to $23,490.06.

61.    The final individual—who was aware of the ineligibility of her former spouse from a previous audit, and whose failure to remove the ineligible dependent resulted in $689,583.81 in improper expenditures—was permitted to resign in lieu of termination.

62.    Defendant had no official policy that prohibited plaintiff from removing the sentence from Griffin's email.

63.    The closest approximation that Dart could point to was what he described as "professional norms," but he acknowledged that a supervisor would have been within his or her authority to edit an email from his or her direct report before forwarding it on.

64.    In this instance, plaintiff was acting in her capacity as the Interim CFO and thus as Griffin's supervisor.

7

65. The laptop referred to in the termination letter was not a personal laptop but one that was owned by defendant and given to plaintiff for work.

66. Plaintiff's budget files were backed up and protected on the City of Hartford MUNIS financial system and the Hartford Public Schools budget database, which automatically updated daily.

67. The only files on defendant's laptop used by plaintiff were her working files.

68. The forensic accounting report did not cite any standards of conduct which could have been implicated, compromised or violated by plaintiff's file maintenance practice.

69. Defendant's agents fabricated reasons for their treatment of her and these reasons cannot withstand scrutiny and are pretextual.

70. The pre-disciplinary meetings and the termination decision all took place within approximately two months of defendant being served with plaintiff's CHRO complaint (No. 1810425).

71. Defendants' discriminatory and retaliatory actions caused Plaintiff substantial emotional distress, embarrassment, humiliation, mental anguish and significant financial loss.

72. Defendant's decision-makers acted with malice in failing to promote plaintiff and in then terminating her following her complaint of discrimination and in making up false reasons to justify these actions.

## IV.  CAUSES OF ACTION

73. Plaintiff incorporates paragraphs 1-72 as if fully incorporated therein.

74. In failing to promote plaintiff to the CFO position on a permanent basis following her qualified application and interview, defendant discriminated against plaintiff on the basis of her race, color, and sex in violation of 42 U.S.C. § 2000e-2(a)(1).

8

75.    By terminating plaintiff's employment for filing a CHRO complaint, defendant engaged in retaliation for her complaint of discrimination in violation of 42 U.S.C. § 2000e-3(a).

## V.    **PRAYER FOR RELIEF**

Wherefore, plaintiff prays that this Honorable Court accept jurisdiction over this matter, convene a jury to determine all issues within its jurisdiction, award to plaintiff compensatory and punitive damages as permitted by law, including back pay with interest and front pay, require defendant to pay plaintiff's reasonably-incurred litigation costs and attorney's fees and enter any other judgment or order which the interests of law or equity dictate.

Dated: September 24, 2020

Respectfully submitted,

Cynthia R. Jennings, Esq.
340 Broad Street
Suite 300
Windsor, CT 06095
Tel: 860.883.6947
attorneyjennings@gmail.com
Juris No. 418241
Federal Bar No. ct21797
Counsel for Plaintiff

9

# EXHIBIT 1

**State of Connecticut**
**Commission on Human Rights and Opportunities**

COMMISSION OF HUMAN
RIGHTS & OPPORTUNITIES
EAST OF REGION OFFICE

AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

2018 AUG 24  AM 9: 38

| For CHRO Office Use Only |
|---|
| Date Filed: _8/24/2018_      Case No: _1910087_ |

My name is <u>JoAnna Laiscell</u>
And I reside at <u>185 Pine Street, Apt. 216, Manchester, CT 06040</u>
My mailing address is (if different than street address) _____
My telephone number is (home) _____ (cell) <u>(860) 869-5667</u>
My email address is <u>JLaiscellcv@gmail.com</u>
The respondent is <u>City of Hartford Board of Education</u>
Whose business address is <u>960 Main Street, Hartford, CT 06103</u>
The alleged discrimination took place in the town/city of<u>Harford</u>
The last discriminatory action took place on or about <u>July 12, 2018</u>

**I was**
☐ denied reasonable accommodation on the basis of a disability on or about _____
☑ terminated on or about <u>July 12, 2018</u>    ☐ suspended on or about _____
☐ laid off on or about _____    ☐ not recalled on or about _____
☐ demoted on or about _____    ☐ harassed on or about _____
☐ poorly evaluated on or about _____    ☐ warned on or about _____
☐ sexually harassed on or about _____    ☐ denied a raise on or about _____
☐ earning unequal pay on or about _____    ☐ transferred on or about _____
☐ delegated unequal duties on or about _____    ☐ constructively discharged on or about_____
☐ delegated difficult assignments on or about ___    ☐ not hired on or about _____
☐ placed on probation on or about _____    ☐ not promoted on or about _____
☐ given reduced duties on or about _____    ☐ less trained on or about _____
☐ denied equal services on or about _____    ☑ retaliated against on or about <u>continuing to</u>
☐ discriminated against in terms and conditions of employment on or about _____ July 12, 2018
☐ other _____ on or about _____

**And believe that my**
☐ age _____ date of birth: ____ - _____ - ____    ☐ marital status (IDENTIFY): _____
☐ physical disability (IDENTIFY): _____    ☑ race (IDENTIFY): <u>African American</u>
☐ learning disability (IDENTIFY): _____    ☑ color (IDENTIFY): <u>Black</u>
☐ mental disorder (IDENTIFY): _____    ☐ national origin (IDENTIFY): _____
☐ sexual orientation (IDENTIFY): _____    ☐ ancestry (IDENTIFY): _____
☐ gender identity or expression _____    ☐ alienage (IDENTIFY): _____
☑ sex:   ☐ male  ☑ female    ☐ intellectual disability: _____
☐ religious creed/creed (IDENTIFY): _____    ☐ sex: PREGNANCY _____
☐ previously opposed, filed or assisted    ☐ prior criminal record (state employment only)
☐ other _____

**Was/were in part a reason in this action.**

F103

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

---

**THIS SECTION TO BE FILLED OUT BY CHRO STAFF**
**Respondent violated the following statutes and acts listed below, as amended, enforced through Conn. Gen. Stat. §46a-58(a) if applicable.**

[X] 46a-60(a)(1)  [X] 46a-60(a)(4)  [ ] 46a-60(a)(5)  [ ] 6a-60(a)(7)_____
[ ] 46a-60(a)(8)( )( )  [ ] 46a-60(a)(9)  [ ] 46a-60(a)(10)  [ ] 46a-60(a)(11)
[ ] 46a-63  [ ] 46a-64(a)( )  [ ] 46a-66(a)  [ ] 46a-70a  [ ] 46a-71_____
[ ] 46a-75  [ ] 46a-80_____  [ ] 46a-81c_____  [ ] 46a-81d(a)_____

[ ] 46a-81f_____  [ ] 46a-81g  [ ] 46a-81h_____  [ ] 46a-81l_____  [ ] 10-15(c)
[X] Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e and the Civil Rights Act of 1991 (15 + employees)  [ ] Age Discrimination in Employment Act of 1967, 29 U.S.C. 621-634 (20+ employees and over the age of 40)  [ ] Equal Pay Act of 1964
[ ] Americans With Disabilities Act, 42 U.S.C. 12101 et seq.
[ ] Rehabilitation Act of 1973, as amended
[ ] Other:_____

---

F103

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

9. **For disability claims only**: On _____ I was diagnosed with the following disability/disabilities _____
I believe the respondent was aware of my disability/disabilities because:

_____
_____

10. **For disability/reasonable accommodations claims only**. I asked the respondent for the following accommodation(s) to assist me with my disability: _____

_____
I made this request to _____ ☐verbally on or about _____
and/or☐in writing on or about _____. After I made the request the respondent responded in the following way _____ .
I was unhappy with the way the respondent responded because: _____

_____
_____
_____

11. **For perceived disability claims only**: Although I am not disabled, I believe the respondent believed I had the following disabilities:_____

_____
and treated me differently based on what belief in the following way(s): _____

_____
_____
_____

12. **For pregnancy discrimination claims only**: I was pregnant from on or about _____
to _____ and the respondent knew about my pregnancy because:_____

_____
The respondent took the following action(s) against me which I believe was based on my pregnancy:_____

_____
_____
_____

13. **For aiding and abetting claims only**: I believe the following individuals or entities abetted the respondent in the discrimination I alleged above _____
and their mailing address(es) is/are _____
The actions these individuals took are: _____

_____
_____

☐request that those individuals or entities also be named as Respondents in this action.

14. Any other information that is important about this case: See attached allegations _____

_____
_____

I provide the following allegations in support of my Complaint:

1.    The Complainant, JoAnna Laiscell, filed a Complaint on April 30, 2018 (CHRO#1810425; EEOC No. 16A-2018-01083). Following the filing of such complaint, the Complainant was retaliated against and eventually terminated, as set forth below.

2.    The Complainant, JoAnna Laiscell, a black woman, was employed by the Respondent, City of Hartford Board of Education, located at 960 Main Street, Hartford, CT 06103.

3.    Respondent employs at least 100 employees.

4.    The Complainant began working for the Respondent in or about April 1996 as a Financial Clerk. Her most recent position was Executive Director of Financial Management and Interim Chief Financial Officer [hereinafter "CFO"].

5.    As set forth in the Complainant's pending CHRO case, she applied for the position of CFO, and was supremely qualified for such position. Complainant possesses a Master's degree in Accounting and Taxation from the University of Hartford. Complainant also holds a 085 certification for business administration and has extensive experience in governmental accounting and grant management, as well as, numerous other accomplishments and extensive experience.

6.    In an effort to keep the Complainant out of the CFO position, the Respondent placed the Complainant on paid administrative leave on March 16, 2018. Complainant was only told that she was being investigated.

7.    While on leave, David Fleig, a less qualified Caucasian male, was appointed CFO.

8.    Respondent used the tool of paid administrative leave to remove the more qualified Complainant, go on a fishing expedition to try to find some reason to literally keep the Complainant out of the CFO position, slide Mr. Fleig into the position of CFO, and ultimately terminate the Complainant based upon race, color and gender.

9.    On April 30, 2018, Complainant filed a Complainant with the Commission alleging, amongst other things, that the Respondent discriminated against her based upon her race, color and gender by failing to promote her to the CFO position despite being more qualified than Mr. Fleig, performing the tasks of the CFO and serving as Interim CFO twice, as well as, being recommended for the CFO position by the previous CFO. Such complaint (CHRO#1810425; EEOC No. 16A-2018-01083) is currently pending before the Commission.

10.   While on leave, and in retaliation for the filing of her CHRO complaint, the Complainant received a letter from the Respondent stating that a predisciplinary hearing was being scheduled.

11. Complainant and counsel attended the predisciplinary hearing and were informed, at that time, that the Respondent was accusing the Complainant of maintaining her ex-husband as an eligible dependent on the Hartford Public Schools' healthcare plan, failing to include a sentence in an e-mail that she forwarded and allegedly not backing up files on the Respondent's computer.

12. Prior to such accusations, the Respondent had informed its employees that there was going to be an audit of employee dependents, and that employees would be receiving packets regarding the process for employees to voluntarily disclose and remove any dependents that were no longer eligible for coverage.

13. The Respondent further informed employees that it contracted with a company, Secova, Inc., to manage the project, and that "all data will be kept confidential and private throughout each step of the process."

14. Previously, employees were informed: "There may be times throughout the year that current employees may have family status changes (i.e., marriage, divorce, birth of a child, etc.). When these qualifying events occur, employees *may* add or delete dependents by providing the same legal documents new hires are required to provide." [Emphasis added].

15. Employees were also informed that if they had a family status change that has not been reported, or if they have questions, they could contact Elaine Bonfiglio. However, Ms. Bonfiglio was out of work on leave for numerous consecutive months.

16. In accordance with the instructions for the audit, the Complainant completed the forms and informed the Respondent that her ex-husband, Michael Brown, should be removed from coverage.

17. Complainant had informed Mr. Brown at the divorce that he was not to use the insurance and was unaware of Mr. Brown ever using the coverage after that time. However, in accordance with the audit guidelines, she voluntarily notified the Respondent through the audit process that he was to be removed.

18. Ultimately, the Respondent used the Complainant's voluntary disclosure in accordance with the audit guidelines as a pretext to keep her on leave, out of the CFO position and ultimately terminate her.

19. Respondent also included a period of time when the Complainant was still married to Mr. Brown, which made him eligible for coverage, and to date, has failed to provide information responsive to the Complainant's Freedom of Information Act requests seeking proof of the charges for medical coverage allegedly used by Mr. Brown and unredacted copies of insurance statements and invoices.

20. At least eighty individuals had dependents that were voluntary disclosed as needing to be removed from coverage.

21. The total number of dependants removed from the audit was approximately 320.

22. No other employees were terminated as a result of voluntarily disclosing and removing individuals from coverage during the audit.

23. District spokesman John Fergus stated in an interview with the Hartford Courant appearing in an August 7, 2018 article that "no other district employees have been fired based on the recent audit of dependents on health plans..."

24. In an effort to discriminate against the Complainant based upon her race, color and gender, to keep the Complainant from obtaining the CFO position and continuing her career with the Respondent, the Respondent had to find some reason to attempt to build a record to terminate the Complainant because her work record and history are unblemished.

25. Respondent's use of the Complainant's voluntary request to remove her ex-husband from healthcare coverage in accordance with the audit instructions and guidelines is a pretext for the actual discriminatory conducted in which the Respondent has engaged.

26. In an effort to further justify the discrimination against the Complainant, the Respondent also claimed that the Complainant forwarded an e-mail from Mr. John Griffin to Dr. Alberto Vazquez-Matos and Dr. Leslie Torres-Rodriguez, as instructed, but the forwarded message did not contain the sentence: "Also, an estimated total of 320 dependents may be removed from the plan as a result of the audit."

27. In a desperate attempt to conjure up reasons to justify the discriminatory conduct by the Respondent, Respondent attempts to use the exclusion of such sentence in the forwarded e-mail to justify placing the Complainant on administrative leave, so as to not get the CFO position, and ultimately terminating the Complainant. However, Complainant sent an e-mail to Executive Director of Risk Management, John Griffin, who had asked her to forward the e-mail, stating: "John, I sent your response to Leslie & Alberto. I excluded 'Also an estimated total of 320 dependents may be removed from the plan as a result of the audit.' I hope that's not concerning to you."

28. Respondent's use of the exclusion of one sentence in the forwarded e-mail to later justify administrative leave and termination is a pretext for the actual discrimination based upon the Complainant's race, color and gender that actually occurred in order to keep her out of the CFO position and ultimately remove her from employment with the Respondent.

29. Continuing its attempt to conceal the discrimination and retaliate against the Complainant for filing her Complaint with the Commission on April 30, 2018, the Respondent also

inaccurately claims that the Complainant "maintained certain Hartford Public Schools' budget files on your laptop." This statement is false.

30. No Hartford Public Schools' budget files exist on any laptop owned by the Complainant. The only laptop containing such information is the Respondent's laptop which is owned by the Respondent and was given to the Complainant for her to use during her employment.

31. Respondent also claims that the Complainant failed to back up the laptop. However, the budget file exists on the City of Hartford Munis Financial System, as well as the Hartford Public Schools budget database.

32. Every employee who the Respondent gave a laptop on which to do the Respondent's work has documents and information belonging to the Respondent on such laptop.

33. At all times, the Respondent had access to the information on the laptop.

34. No other employees have been fired for failing to back up their laptops or for doing work on a laptop owned by the Respondent and given to the employee to do the Respondent's work.

35. Again, the Respondent is desperately attempting to find anything possible to justify its discriminatory conduct and retaliate against the Complainant for filing her previous complaint, which is currently pending with the Commission.

36. Complainant is being subjected to retaliation and discrimination based upon, including but not limited to, her race, color and gender.

37. Complainant's work performance has, at all times, been outstanding and met Respondent's expectations.

38. Despite her impeccable record, Complainant was terminated by the Respondent, on or about July 12, 2018, in an act of discrimination based upon her race, color and gender and in retaliation for the filing of her previous, currently pending Complaint with the Commission pursuant to Conn. Gen. Stat. §46a-82, filed April 30, 2018 (CHRO#1810425; EEOC No. 16A-2018-01083).

39. Complainant was further discriminated against when the Respondent failed to pay her three months severance and her accumulated sick days as required for nonbargaining unit employees.

40. As a result of the conduct of the Respondent, the Complainant suffers, including but not limited to, lost wages, loss of medical and dental insurance, life insurance, pension contributions and has suffered, and continues to suffer severe emotional distress, including but not limited to, anguish, loss of sleep, loss of appetite, and humiliation.

41.    The Complainant charges the Respondent with discrimination and requests all damages and compensation to which she is entitled, including attorneys fees.

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

15. I therefore charge the Respondent(s) with discriminating against me based on my protected class base(s) and I request all damages that I might be entitled to under the relevant statutes.

**IMPORTANT: YOU MUST OBTAIN A NOTARIZATION OF YOUR COMPLAINT BEFORE YOU RETURN THIS FORM**

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above cited laws and secure for me any remedy to which I may be entitled.

JoAnna Laiscell
_____being duly sworn, on oath, states that s/he is the Complainant herein; that s/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated at ___Hartford_____, Connecticut this 2 1 day of ___August_____

20 18 _____.

X _____
(Complainant's Signature)

Subscribed and sworn to before me this _____2 1_____ day of ___August___ 20 18 ____

_____
Notary Public or Commissioner of
the Superior Court

My Commission Expires:_____

F103

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Directions: If any information is irrelevant write "n/a". If any information is unknown write "unknown" If you need to add additional information please add an additional sheet of paper and identify which paragraph it relates to.**

1. I worked or applied to work for respondent at the following location:
   City of Hartford Board of Education

2. The respondent employs at least 100 + people.

3. I began working for the respondent on or about: April 1996
   Or I applied to work for the respondent on or about:

4. My most recent job title was/is: Executive Director of Financial Management and interim CFO

5. I believe respondent discriminated against me on continuing up to July 12, 2018 when I was terminated based upon being a black, African American female and having filed a previous CHRO complaint regarding being denied the CFO position and placed on paid administrative leave.
   ~~See attached allegations~~

6. The following individuals not of my class bases were treated more favorably:
   Caucasian male
   when David Fleig was placed in the CFO position for which I was supremely qualified and I was placed on paid administrative leave and ultimately terminated.

7. **For harassment claims only**: The person who harassed me was/is ☐ a supervisor or ☐ a co-worker. I reported the harassment on _____ and as a result of my report

8. **For retaliation claims only**: I complained about discrimination to CHRO on April 30, 2018 and as a result of my report : I was terminated on July 12, 2018 after filing a CHRO complaint on April 30, 2018 (which is currently pending CHRO#1810425).
   See attached allegations

☐ I request that those individuals or entities also be named as Respondents to this action.

| CHARGE OF DISCRIMINATION<br>THIS FORM IS AFFECTED BY THE PRIVACY ACT OF 1974; SEE PRIVACY ACT STATEMENT BEFORE COMPLETING THIS FORM. | AGENCY<br>FEPA<br>XX EEOC | CHARGE NUMBER<br>/6A-2018- 0174 |
|---|---|---|

CONNECTICUT COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>Ms JoAnna Laiscell | Home Telephone (include area code)<br>(860) 869-5667 |
|---|---|

| STREET ADDRESS<br>185 Pine Street, Apt. 216 | CITY, STATE AND ZIP CODE<br>Manchester, CT 06040 | Date of Birth<br>07/17/71 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW).

| NAME<br>City of Hartford Board of Education | NUMBER OF EMPLOYEES, MEMBERS 100+ | Telephone (include area code)<br>(860)695-8455 |
|---|---|---|

| STREET ADDRESS<br>960 Main Street | CITY, STATE AND ZIP CODE<br>Hartford, CT 06103 | COUNTY<br>Hartford |
|---|---|---|

| NAME | | Telephone (include area code) |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE AREA)

[✓] Race  [✓] Color  [✓] Sex  [ ] Religion  [ ] National Origin  [✓] Retaliation
[ ] Age  [ ] Disability  [ ] Other (specify)

Date Discrimination Took Place  Earliest    Latest  07/12/18
[✓] Continuing Action

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**FOR EEOC/CHRO USE ONLY**
The particulars of this charge of discrimination are set forth in my complaint number  1910087
8/24/2018  Which I filed with the Connecticut Commission on Human Rights and Opportunities on

_____ And which are attached hereto and incorporated as if fully set forth herein.

| I want this charge filed with both the EEOC and the State or local agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures | Notary (When necessary for State and Local Requirements)<br><br>X _Signature of Notary_ (Comm Superior Court) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>X 8/24/18<br>Date<br>X _(Charging Party)(signature)_ | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>X _Signature of Complainant_<br>Subscribed and sworn to before me this date<br>Kimberly Cuneo - Comm Superior Court<br>(Day, month, year) 8/24/18 |

EEOC Form 5 (Rev. 3/01)

EEOC Charge Form

## PRIVACY ACT STATEMENT

CHRO No. _____ *191008* 7

*(This form is covered by the Privacy Act of 1974, Public Law 93-579: Authority for requesting the personal data and the uses given below).*

1. *FORM NUMBER/TITLE/DATE. EEOC Form 5, CHARGE OF DISCRIMINATION, March 1984*
2. *AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626.*
3. *PRINCIPLE PURPOSE(S). The purpose of the charge, whether recorded initially on this form or in some other way reduced to writing and later recorded on this form, is to invoke the jurisdiction of the Commission.*
4. *ROUTINE USES. This form is used to determine the existence of facts which fall within the Commission's jurisdiction to investigate, determine, conciliate and litigate charges of unlawful employment practices. Information provided on this form will used by Commission employees to guide the Commission's investigatory activities. This form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. A copy of this charge will ordinarily be served upon the person against whom the charge is made.*
5. *Whether disclosure is mandatory or voluntary and effect on individual for not providing information. Charges must be in writing and should identify the parties and action or policy complained of. Failure to have a charge which identifies the parties in writing may result in the Commission not accepting the charge. Charges under Title VII must be sworn to or affirmed. Charges under the ADEA should ordinarily signed. Cnarges may be clarified or amplified later by amendment. It is not mandatory that this form be used to provide the requested information.*
6. *[ ] Under Section 706 of Title VII for the Civil Rights Act of 1964, as amended, this charge will be deferred to and will processed by the State or Local Agency indicated. Upon completion of the agency's processing, you will be notified of its final resolution in your case. If you wish EEOC to give a Substantial Weight Review tot he agency's findings you must request to do so, in writing, within fifteen (15) days of your receipt of the agency's finding. Otherwise, we will adopt the agency's finding as EEOC's and close your case.*

*Notice of Non-retaliation Requirements*

*Section 704(a) of the Civil Rights Act of 1964, as amended, and Section 4(d) of the Age Discrimination in Employment Act of 1967, as amended, state:*

> *It shall be an unlawful practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed a practice made an unlawful employment practice by this title or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this title.*

*The Equal Pay Act of 1963 contains similar provisions. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made.*
EEOC Form 5

EEOC Privacy Statement

# NOTICE OF RIGHT TO REQUEST REVIEW

This notice is to inform you that the charge to which you are a party, filed with both the Connecticut Commission on Human Rights and Opportunities (CCHRO) and the federal Equal Employment Opportunity Commission (EEOC), will be processed by the CCHRO.

In accordance with the Commission's Procedural Regulations, the Commission will accept the CCRHO's final finding or resolution of the charge and adopt it as its own unless a party to the charge requests the EEOC to conduct a review of the CCHRO's final action.

To exercise this right you must submit your request for review, in writing, to the EEOC office at the following address:
**Equal Employment Opportunity Commission, John F. Kennedy Federal Building, 475 Government Center, Boston, MA 02203**, <u>within fifteen (15) days</u> of the date on which you receive the CCHRO's notice of its final findings.

If you have any questions concerning this notice or your right to request review, please contact this office at (860) 886-5703.

## I AKNOWLEDGE RECEIPT OF THIS NOTICE

X _Joanna Lauscey_
Signature of Complainant

_8/2e/18_
Date

City of Hartford Board of Education
_____
Respondent's Name

CCHRO/FEPA No.: _19/0087_

EEOC No.: _16A -2018 - 01744_

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

### AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

| FOR CHRO USE ONLY | | |
|---|---|---|
| Case No.    1810425 | Date: | 4/30/18 |
| EEOC No.    16A-2018-01083 | | |

My name is: **JoAnna Laiscell**

My mailing address is: **185 Pine Street, Apt. 216, Manchester, CT 06040**

My telephone number is: **860-869-5667**

My email address is: **JLaiscellcv@gmail.com**

The respondent is: **City of Hartford Board of Education**

Whose business address is: **960 Main Street, Hartford, CT 06103**

**I was ...**
(Include the date of the actions taken against you. If ongoing, write "ongoing".)

☐ discriminated against in terms and conditions
☐ terminated
☐ suspended
☐ placed on probation
☐ demoted
☐ warned
☐ given a poor evaluation
☐ denied a raise
☐ less trained
☐ denied an office
☐ denied equal service(s)
☐ other:

☒ not hired/promoted    4/2/18
☐ given unequal duties
☐ harassed
☐ sexually harassed
☐ earning different pay
☐ constructively discharged
☐ retaliated against
☐ transferred
☐ given difficult assignment
☐ not recalled

**I believe that my...**
(Identify the protected class status you believe you were discriminated against because of)

☒ Race
☒ Color
☐ Religious creed
☐ Age
☐ Gender identity/expression
☐ Marital status
☐ National origin
☒ Sex: ☐ Male ☒ Female
☐ Ancestry
☐ Other:
☐ Previous opposition to discriminatory conduct

☐ Mental disability
☐ Intellectual disability
☐ Learning disability
☐ Physical disability
☐ Veteran status
☐ Prior criminal conviction
☐ Sexual orientation
☐ Pregnancy
☐ Lawful source of income
☐ Genetic information

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Was/Were in part a fact

┌─────────────────────────────────────────┐
│ THIS SECTION TO BE FILLED OUT BY CHRO STAFF │
└─────────────────────────────────────────┘

The respondent violated the following statutes and acts listed below, as amended, enforced through CONN. GEN. STAT. § 46a-58(a) if applicable:

☒ CONN. GEN. STAT. § 46a-60(b)(1)   ☒ Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (cite for 15 or more individuals employed)

☐ CONN. GEN. STAT. § 46a-60(b)(4)

☐ CONN. GEN. STAT. § 46a-60(b)(5)

☐ CONN. GEN. STAT. § 46a-60(b)(7)   ☐ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (cite for 20 or more individuals employed)

☐ CONN. GEN. STAT. § 46a-60(b)(8)

☐ CONN. GEN. STAT. § 46a-64

☐ CONN. GEN. STAT. § 46a-70   ☐ Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

☐ CONN. GEN. STAT. § 46a-71

☐ CONN. GEN. STAT. § 46a-80   ☐ Equal Pay Act of 1964, U.S.C. § 206

☐ CONN. GEN. STAT. § 46a-81   ☐ Section 504 of the Rehabilitation Act of 1973

☐ Other _____

I provide the following particulars:

1. Respondent employs at least 15 employees.

2. I am a Black, African American female.

3. I was not promoted because of my race, color and sex, based on the following.

4. I first began working for the respondent in or about April 1996 as a Financial Clerk. Most recently, my position has been Executive Director of Financial Management and Interim CFO.

5. In or about February 2018, the respondent posted an opening for the Chief Financial Officer position.

6. I applied for the position and was interviewed in or about March 2018. Present during the interviews were Alberto Vázquez Matos (White Hispanic), Deputy Superintendent of Schools, Lonny Burt (Caucasian female), Director of Food Service, Maureen Colman (Caucasian), Director of Accounts Payable and Natasha Banks (African American), Executive Director of Human Resources, Office of Talent Management and Labor Relations.

7. The interview went well.

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

8. I was qualified for the CFO position. I have a Master's degree in Accounting and Taxation from the University of Hartford and I was Interim CFO for approximately a year in or about 2015, when the CFO, Paula Altieri (Caucasian), was out and again, starting on or about 1/16/18, after Ms. Altieri left.

9. On 4/2/18, Superintendent Leslie Torres-Rodriguez and the Board of Education hired a less qualified male, Dave Fleig for the Chief Financial Officer position.

10. Mr. Fleig is less qualified than I am because he came from Travelers and does not have the years of governmental accounting experience that I have. Also, I have extra experience from the times when I held the Interim CFO position.

11. Furthermore, in or about December 2017, Ms. Altieri recommended to the Superintendent that I be selected for the CFO position.

12. My reviews while I was Interim CFO were excellent. I did a good job as Interim CFO in 2015, or I would not have been again selected as Interim CFO on 1/16/18, after Ms. Altieri left.

13. Craig Stallings (African American), Chairman, told an associate of mine (date unknown) that the Mayor (Luke Bronin-Caucasian male) was pressuring the Superintendent to appoint someone else to the CFO position besides me.

14. I was placed on paid administrative leave on 3/16/18, without being told why. I only know that I am being investigated by the respondent.

15. Mr. Fleig was appointed to the CFO while I remain out on paid leave.

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

I request the Connecticut Commission on Human Rights and Opportunities investigate my complaint, secure for me my rights as guaranteed to me under the above-cited laws and secure for me any remedy to which I may be entitled.

___JoAnna Laiscell_____ being duly sworn, on oath, states that s/he is the Complainant herein; that's/he has read the foregoing complaint and knows the content thereof; that the same is true of her/his own knowledge, except as to the matter herein stated on information and belief and that as to these matters s/he believes the same to be true.

Dated in __Hartford_____ on this _4/30/18.

_____
Complainant's Signature

Subscribed and sworn before me on      _4/30/18.
                                                                 Date

_____
Notary Public/Commissioner of the Superior Court

My commission expires: _____

RENEE SONNENBLICK
NOTARY PUBLIC
MY COMMISSION EXPIRES MAR. 31, 2022

2018 APR 30  AM 10: 46

CAPITOL REGION OFFICE
RIGHTS & OPPORTUNITIES
COMMISSION OF HUMAN

# EXHIBIT 2

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:     **Joanna Laiscell**
        **185 Pine Street, Apt. 216**
        **Manchester, CT 06040**

From:   **Boston Area Office**
        **John F. Kennedy Fed Bldg**
        **15 New Sudbury Street, Room 475**
        **Boston, MA 02203**

[ ]     *On behalf of person(s) aggrieved whose identity is*
        *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2018-01083** | **Amon L. Kinsey, Jr.,** **Supervisory Investigator** | **(617) 565-3189** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]     The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]     Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]     The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]     Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]     The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]     The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X]     Other *(briefly state)*          **Charging Party is pursuing claims in another forum.**

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Amon Kinsey*       Digitally signed by Amon Kinsey
DN: cn=Amon Kinsey, o=EEOC, ou=Boston Area Office,
email=amon.kinsey@eeoc.gov, c=US
Date: 2020.07.21 12:33:21 -04'00'

for        July 21, 2020

Enclosures(s)                    **Feng K. An,**                    *(Date Mailed)*
                                 **Area Office Director**

cc:
                                                 **J. William Gagne, Jr., Esq.**
                                                 **Law Office of J. William Gagne, Jr. & Associates**
        **HARTFORD BOARD OF EDUCATION**         **P.C.**
        **960 Main Street**                      **One Congress Street, 3rd Floor**
        **Hartford, CT 06103**                   **Hartford, CT 06114**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*