UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOANNA LAISCELL<br>Plaintiff<br><br>v.<br><br>Hartford Board of Education<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 3:20-cv-1463(VLB)<br><br><br>April 26, 2021 |

## ORDER REVOKING ATTORNEY MICHAEL H. SUSSMAN'S ADMISSION *PRO HAC VICE*.

On December 7, 2020, the Court denied without prejudice local counsel's motion for Attorney Michael H. Sussman of New York to be admitted *pro hac vice* because Attorney Sussman's affidavit failed to comply with the content requirements of D. Conn. L. R. 83.1(d)(1). [ECF No. 12]. The Court's order reminded counsel of the filing format requirements set forth in the Court's Chambers Practices, which were docked at ECF. No. 5.

The Court granted Attorney Sussman's second motion for admission *pro hac vice* on February 4, 2021 and set a deadline of April 5, 2021 to file a Certificate of Good Standing. [ECF No. 19]. On April 20, 2021, Attorney Sussman filed a Certificate of Good Standing dated October 14, 2020, over two weeks after the deadline passed.

Pursuant to D. Conn. L. R. 83.1(d)(4), "[u]pon admission under this rule, an attorney shall promptly file with the Clerk of the Court a certificate of good standing

1

from the court of the state in which he or she has his or her primary office. Such certificate of good standing shall be filed no later than 60 days after the date of admission and shall be dated no more than 60 days before the date of admission. Failure to file such certificate will result in the automatic revocation of the visiting attorney status of said attorney, absent an order of the Court." Attorney Sussman failed to comply with both requirements of D. Conn. L. R. 83.1(d)(4) as the Certificate of Good Standing was both untimely and out of date. Therefore, his admission *pro hac vice* is automatically revoked.

Attorney Sussman failed to file an appearance after he was admitted *pro hac vice* and the parties' Rule 26(f) report was also delinquent. [ECF. No. 13]. The Court also issued an order to show cause because Plaintiff failed to file a proof of service or waiver of service by the service deadline set by Fed. R. Civ. P. 4(m). [ECF No. 14]. Although the Court previously reminded Attorney Sussman of its file format requirements, his second motion for admission *pro hac vice* does not comply with the Court's formatting instructions. *See* Chambers Practices, ECF No. at 3 ("Documents may not [] be signed manually and may not be scanned. Parties are asked to file electronically in the format specified below…"). The local rule requires the visiting attorney's attestation that "said attorney has fully reviewed and is familiar with the Federal Rules of Civil Procedure (for an attorney seeking admission in a civil case) or Criminal Procedure (for an attorney seeking admission in a criminal case), the applicable Local Rules of the United States District Court for the District of Connecticut, and the Connecticut Rules of Professional Conduct." D. Conn. L. R. 83.1(d)(1)(d).

In light of the recurrent and varied defects in Attorney Sussman's application, which he has had time and opportunity to cure, the Court lacks some "reasonable assurance that such attorney is familiar with the Federal Rules of Civil Procedure, the Local Rules for the [District of Connecticut], this Court's Individual Rules, and the customs and practices of this Court," despite his attestation. *Erbacci, Cerone, and Moriarty, Ltd. v. United States*, 923 F.Supp. 482, 485–86 (S.D.N.Y.1996). Therefore, the Court will not consider a third motion to admit Attorney Sussman *pro hac vice*.

Preclusion of Attorney Sussman from participating in this matter does not deprive the Plaintiff of counsel. The Court notes that Attorney Cynthia Jennings entered an appearance whereas Attorney Sussman has not. Attorney Jennings also signed the parties' 26(f) report and has not moved to be excused from participating in the proceedings pursuant to D. Conn. L. R. 83.1(d)(2).

Pursuant to D. Conn. L.R. 83.1(d)(4), "upon revocation of a visiting attorney's status in one case, the Clerk of the Court shall examine the Court's Docket and revoke said attorney's visiting attorney status in all cases in which said attorney has filed an appearance."

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 26th day of April, 2021.

_____/s/_____

Vanessa L. Bryant
United States District Judge