## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOANNA LAISCELL** | : | |
| **Plaintiff** | : | |
| | : | **No. 3:20-cv-1463(VLB)** |
| **v.** | : | |
| | : | **June 10, 2021** |
| **HARTFORD BOARD OF ED.** | : | |
| **Defendant.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |

### MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER REVOKING MICHAEL H. SUSSMAN'S ADMISSION PRO HAC VICE, DKT. 25

Before the Court is a letter filed by Mr. Michael H. Sussman seeking reinstatement to the bar of this Court *pro hac vice*. Mr. Sussman is an attorney licensed in New York, but he is not admitted to practice in Connecticut or admitted in this District. Attorney Jennings, a member of this bar filed a motion for Mr. Sussman's admission pursuant to the Local Rules of this District. [ECF No. 10]. Attorney Jennings's motion was denied because Mr. Sussman failed to satisfy the standard for admission *pro hac vice* clearly specified in the applicable Local Rule. [ECF No. 12]. A second motion was filed and Mr. Sussman was provisionally admitted, conditioned on the filing of a timely certificate of good standing. [ECF No. 19]. Mr. Sussman failed to file a certificate of good standing within the time prescribed by the Local Rules. On April 26, 2021 this Court entered a memorandum order revoking Mr. Sussman's provisional visiting status pursuant to D. Conn. L. R. 83.1(d)(4), because the certificate of good standing was out-of-date and filed two

1

weeks late pursuant to D. Conn. L. R. 83.1(d)(4). [ECF No. 23]. Mr. Sussman then filed the subject letter seeking reconsideration of the Court's order revoking his visiting privileges with prejudice. [ECF No. 25]. The Court DENIES Mr. Sussman's request with prejudice.

<u>Analysis</u>

The local rule requires the visiting attorney's attestation that "said attorney has fully reviewed and is familiar with the Federal Rules of Civil Procedure (for an attorney seeking admission in a civil case) or Criminal Procedure (for an attorney seeking admission in a criminal case), the applicable Local Rules of the United States District Court for the District of Connecticut, and the Connecticut Rules of Professional Conduct." D. Conn. L. R. 83.1(d)(1)(d). In accordance with this rule, Mr. Sussman filed an affidavit attesting that: "I have fully reviewed and am familiar with the Federal Rules of Civil Procedure, the applicable local rules of this Court and the Connecticut Rules of Professional Conduct." [ECF No. 17-2 (Sussman Aff.) ¶ 6]. Mr. Sussman's letter seeking reconsideration fails to comply with elementary rules of court and raises grave doubts about his familiarity with the rules that he attested to reviewing. In so doing he also violates the Rules of Professional Conduct mandating diligence and candor. Rules 1.1 and 3.3 of the Conn. Rules of Prof. Conduct.

In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* D. Conn. L. R. 7(c) (requiring the movant to file along with the motion for reconsideration "a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked").

As an initial matter, Mr. Sussman's letter is not properly before the Court and is thus a legal nullity. Since Mr. Sussman is not admitted to this District and has not entered an appearance, he cannot file a motion on behalf of another. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). Mr. Sussman's May 6, 2021 letter was electronically filed as a motion by Attorney Cynthia Jennings who is admitted to the District and entered an appearance for Plaintiff. However, neither Attorney Jennings nor Attorney Tricia Sophia Lindsay (who is admitted to this District and also entered an appearance for Plaintiff) signed the pleading. *See* § 1333 Signature Requirement; Applicability, Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1333 (4th ed.) ("[T]he policy behind the Rule 11 requirement that the paper be signed by an attorney of record is not satisfied to the same extent when the signing attorney is not a member of the district court's bar as it is when an attorney of record represents a party and directs an outside attorney to sign a paper on his or her behalf."). Mr. Sussman's letter is accompanied by an appearance form; he cannot enter and appearance because he is not admitted to this District and his visiting

attorney status was expressly revoked.  In addition, Mr. Sussman is not a party so he cannot represent himself *pro se* in this matter. 28 U.S.C. § 1654.

In the interest of completeness and judicial economy, the Court will briefly address why Mr. Sussman's request for reconsideration is unavailing.   Mr. Sussman's letter (it cannot be considered a motion) was electronically filed on May 10, 2021, a week after the deadline past set by D. Conn. L. R. Civ. P. 7(c). The letter is unaccompanied by a memorandum of law and cites no legal authority as required by Federal Rule of Civil Procedure 7(b) and D. Conn. L. R. Civ. P. 7(a).

Mr. Sussman raises four arguments on reconsideration: (1) that Plaintiff requests Mr. Sussman to serve as her primary counsel; (2) he mistakenly believed that his admission *pro hac vice* constituted an appearance and he was not receiving ECF filings; (3) he previously filed a Certificate of Good Standing with his initial motion for admission *pro hac vice*; and (4) his office is in the process of exchanging written discovery.

As an additional preliminary matter, even though the Court's April 26, 2021 order expressly considered Mr. Sussman's repeated failure to abide by the Court's file format instructions, his May 6, 2021 letter still fails to comply with these formatting instructions contained in the very first paragraph of the court's Chambers Practices and filed on the docket in this case. *See* [ECF No. 23 at 2]. The document was manually filed in an incorrect font.

In addition to the procedural deficiencies, Mr. Sussman's letter is substantively deficient, thus establishing there is no "reasonable assurance that such attorney is familiar with the Federal Rules of Civil Procedure, the Local Rules

4

for the [District of Connecticut], this Court's Individual Rules, and the customs and practices of this Court." [ECF No. 23 at 3].

First, while the Court understands that Plaintiff is desirous of Mr. Sussman's continued representation, the Court is responsible for the regulation of attorneys that appear before it, including visiting counsel. *In re Rappaport*, 558 F.2d 87, 89 (2d Cir. 1977). The Court routinely grants visiting attorney status, even when, as was the case here, the visiting attorney and local counsel must cure an initially defective *pro hac vice* motion. Mr. Sussman stands apart because of his repeated and varied failure to comply with rules of court, despite prior cajoling. Indeed, the basis for his letter requesting reconsideration demonstrates the wisdom of the Court's decision. The wishes of a litigant are not controlling.  The Court is charged with the gatekeeping function of protecting unwitting consumers of legal services from representation by those who prove themselves unqualified.

According to his letter, Mr. Sussman mistakenly assumed that the Court's grant of his motion to appear *pro hac vice* constituted a notice of his appearance. Consequently, he did not receive ECF filings in the case, including the order revoking his *pro hac vice* status or the requirement to file a new Certificate of Good Standing. Ultimately, counsel is responsible for monitoring the docket and Mr. Sussman offers no valid explanation for his inattention. *See In Re DeMarco*, 733 F.3d 457, 463 (2d Cir. 2013). Regardless of whether Mr. Sussman filed an appearance, docket entries were accessible to any member of the public with a PACER account. PACER allows users to receive automatic notification of case events.       *Frequently         Asked        Questions*,        PACER,

https://pacer.uscourts.gov/help/faqs/how-can-i-receive-case-alerts-using-rss-feed

(last visited June 10, 2021).  Further, Mr. Sussman professed to have familiarized himself with the local rules and thus would have been aware of the provisional nature of his admission and the deadline to file a timely certificate of good standing.  Were that true, he did not need notice from the Court.  Finally, he has two local counsel who received electronic notice of the Court's order.

As to the Certificate of Good Standing, Mr. Sussman correctly notes that the first motion for his admission *pro hac vice* filed on October 20, 2020 included a Certificate of Good Standing from the Appellate Division of the New York Supreme Court, dated October 14, 2020. [ECF No. 10-2]. The motion was denied because it failed to comply with the affidavit requirements pursuant to D. Conn. L. R. Civ. P. 83.1(d)(1). Over a month after the Court's ruling, a second motion seeking Mr. Sussman's admission was filed. [ECF No. 17]. The Court's order granting the second motion for *pro hac vice* admission stated the applicable deadline:

> ORDER granting 17 Attorney Michael H. Sussman's Motion to Appear pro hac vice. Certificate of Good Standing due by 4/5/2021. Signed by Judge Vanessa L. Bryant on 02/04/2021. (Diamond, Matthew) (Entered: 02/04/2021)

ECF No. 19.

The deadline for filing the Certificate of Good Standing is set by D. Conn. L. R. 83.1(e)(4), which states, in relevant part:

> Such certificate of good standing shall be filed no later than 60 days after the date of admission and shall be dated no more than 60 days before the date of admission. Failure to file such certificate will result in the automatic revocation of the visiting attorney status of said attorney, absent an order of the Court.

Thus, the Court was correct when it concluded that Mr. Sussman's Certificate of Good Standing was both untimely and out-of-date under the local rules. The sixty-day period following the Court's grant of admission *pro hac vice* provides visiting counsel with ample time to obtain a certificate of good standing from the jurisdiction where they maintain their primary office.

Mr. Sussman argues that "allowing me to continue to represent plaintiff will both respect her wishes and allow discovery to be completed in an efficient manner." [ECF No. 25 (Sussman Ltr.)]. The Court accepts that Mr. Sussman familiarized himself with the facts of the case and Plaintiff intends to continue their legal engagement. However, it does not necessarily follow that his continued engagement will lead to discovery being completed in an efficient manner given the judicial resources already dedicated to the often-ministerial issue of *pro hac vice* admission. *Erbacci, Cerone, & Moriarty, Ltd. v. United States*, 923 F. Supp. 482, 486 (S.D.N.Y. 1996)("The interests of judicial economy militate against permitting attorneys who are not competent to practice before this Court to appear *pro hac vice*."). Plaintiff's local counsel has not moved to be excused from participating in the proceedings pursuant to D. Conn. L. R. Civ. P. 83.1(d)(e)(2). Attorney Jennings represented plaintiff at the parties' Rule 26(f) conference and signed the report. [ECF No. 18]. The Court has no reason to believe that Attorney Sussman's representation would increase the efficiency of discovery and Plaintiff retained other counsel of record properly admitted to appear before this Court.

Finally, and most significantly, Mr. Sussman's letter states that "my office is currently in the process of responding to defendant's [] discovery demands,"

7

which makes clear that Mr. Sussman continues to represent plaintiff in this matter. Engaging in discovery obviously constitutes the practice of law, yet the Court's prior order made clear that Mr. Sussman's visiting status was revoked. *See* Connecticut Practice Book § 2-44A (defining the practice of law). In Connecticut, the unauthorized practice of law is prohibited by statute, Conn Gen. Stat. § 51-88a, and under the Rules of Professional Conduct, Conn. Rule of Prof. Conduct 5.5(a). Connecticut Rule of Professional Conduct 5.5(d)(2) provides an exception from the state's admission requirement when "…the lawyer is authorized by federal or other law or rule to provide [legal services] in this jurisdiction," but Mr. Sussman is not authorized to practice in federal court in Connecticut.

His continued representation of Plaintiff in this matter after this Court denied his motion for admission *pro hac vice* is an independent basis to deny his letter seeking reconsideration. *See Erbacci, Cerone, & Moriarty, Ltd.*, 923 F. Supp. at 485-87 (denying attorney's motion for admission *pro hac vice* with prejudice because of defects in motion and apparent unauthorized practice of law in presenting the motion).

<u>Conclusion</u>

For the above reasons, the Court DENIES Plaintiff's request for reconsideration of the Court's order revoking Mr. Sussman's provisional *pro hac vice* admission with prejudice. Mr. Sussman is ordered not to file any item on the docket in this case as he is neither admitted to practice before this District or a party in this case. The Clerk is ordered to notify the Court of any such filing upon which the Court will consider the appropriate remedial action, including potential

8

referral to the Federal Grievance Committee, the Connecticut Office of the Chief Disciplinary Counsel, and the New York State Bar.

The Clerk is directed not to docket any future filings from Mr. Sussman.  If Mr. Sussman files any additional material in this case, the Clerk is ordered to return it, after docketing a staff note documenting the return and attaching a copy of the item to the staff note.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 10, 2021